IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARVIN THOMPSON, ) | |
| ) | 8:06CV581 |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| REGIONAL WEST MEDICAL CENTER, ) | |
| MICHAEL McCOY and ) | |
| PRIVATE EYES, INC., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the Plaintiff's Motion to Compel Discovery Responses From Defendant Private Eyes, Inc. (Filing No. 73). The plaintiff, Marvin Thompson (Thompson) filed exhibits in support of the motion and a proposed order. **See** Filing No. 73. The defendant, Private Eyes, filed a brief and index in opposition to the plaintiff's motion to compel (Filing Nos. 78-79). The plaintiff filed a reply brief and exhibits in support of his motion to compel (Filing No. 82).

## BACKGROUND

This is a race discrimination, retaliation, and Fair Credit Reporting Act case. **See** Filing No. 54. Thompson, an African-American male, was employed by defendant, Regional West Medical Center (RWMC), as a security guard. **See** *Id*. RWMC hired Private Eyes, to perform two background investigations regarding Mr. Thompson. *Id*. Thompson alleges he was fired from his position as a security guard at RWMC, in part, as the result of false information provided RWMC by Private Eyes during the second background check. *Id*. Thompson claims the second background investigation provided to RWMC by Private Eyes claimed Thompson was allegedly using the alias of "Curtis Ryan Walker" and that Thompson had been convicted of several crimes, including felonies, while using this alias. *Id*. Thompson claims RWMC fired him under the pretext he lied on his employment application regarding disclosure of prior law violations. *Id*. Thompson alleges RWMC

terminated his employment without further investigation and notwithstanding his denial of the allegations. *Id*.

Thompson served his second set of requests for production and interrogatories on Private Eyes on August 10, 2007. **See** Filing No. 79, Exhs. 3 and 4. On September 10, 2007, Private Eyes filed Objections and Answers to Plaintiff's Second Set of Interrogatories to Defendant Private Eyes, Inc., and Objections and Response to Plaintiff's Second Set of Requests For Production of Documents To Defendant Private Eyes, Inc. **See** Filing No. 75. E-mail communication regarding the subject of this instant motion occurred between the parties on September 12, 2007 through September 18, 2007 and on September 25, 2007 through September 28, 2007. **See** Filings Nos. 73-2, Exh. A, 79-5, Exh. 4, and 82-2, Exh. E.

On September 18, 2007, Thompson filed the instant motion pursuant to Fed. R. Civ. P. 34 and 37 to compel Private Eyes to produce documents responsive to Thompson's second set of interrogatories and requests for production. Specifically, Thompson requests the telephone and facsimile numbers used by Private Eyes in connection with its investigation of Thompson. **See** Filing No. 73. Thompson also requests Private Eyes' relevant telephone records in an effort to discover what efforts Private Eyes took to investigate Thompson's background and verify Thompson's identity after Thompson allegedly denied that he and Curtis Ryan Walker are the same person. **See** *Id*. Thompson also requests the court to order Private Eyes to pay attorney fees and costs incurred in connection with Thompson's motion pursuant to Fed. R. Civ. P. 37(a)(4). Private Eyes argues Thompson's second set of interrogatories were non-compliant with NECivR 33.1(C) and vague, Thompson's requests for production were vague and overly broad, and Thompson did not make sincere attempts to resolve differences pursuant to NECivR 7.1(I).

## ANALYSIS

**A.   Motion to Compel**

Federal Rule of Civil Procedure 33 provides:

> (b)(1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which

2

>event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.
>
>* * * *
>
>(b)(4) All grounds for an objection to an interrogatory shall be stated with specificity.  Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.

Fed. R. Civ. P. 33.  The Advisory Committee Notes state that "objections must be specifically justified, and . . . unstated or untimely grounds for objection ordinarily are waived."  **Advisory Committee Notes, Fed. R. Civ. P. 33** (1993 Amendments).

The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper.  **St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.**, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections).  Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production.  **Id.**  "The party resisting discovery must show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive."  **Id.** (citations omitted).  The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.  **See Wagner v. Dryvit Sys., Inc.**, 208 F.R.D. 606, 610 (D. Neb. 2001).  This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents.  **See Id.**

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."  **Hickman v. Taylor**, 329 U.S. 495, 507 (1947).  "To assess relevance in a given case, the court must view the matter in light of the specific claims and defenses asserted by the parties."  **Fletcher v. Atex, Inc.**, 156 F.R.D. 45, 48 (S.D.N.Y. 1994) (citations omitted).  "[I]t is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken."  **Lewis v. ACB Business Servs., Inc.**, 135 F.3d 389,

402 (6th Cir. 1998) (**citing** *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978)). In the end, however, courts have "wide discretion with respect to discovery matters." *Spangler v. Sears, Roebuck and Co.*, 138 F.R.D. 122, 123 (S.D. Ind. 1991) (citations omitted); **see** *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998).

> With regard to production of documents and things, Fed. R. Civ. P. 34(b) provides:
>> The party upon whom the request is served shall serve a written response within 30 days after the service of the request. . . . The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for the objection shall be stated. If objection is made to part of an item or category, the part shall be specified and inspection permitted of the remaining parts.

**See** Fed. R. Civ. P. 34(b).

"All discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Continental Illinois Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). Parties may discover any relevant, unprivileged information that is admissible at trial or is reasonably calculated to lead to admissible evidence. **See** Fed. R. Civ. P. 26(b)(1). Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. *Pointer v. DART*, 417 F.3d 819, 821 (8th Cir. 2005). Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund*, 437 U.S. at 351. Discovery requests should be considered relevant if there is any possibility that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action. **See** *Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 86 (D. D.C. 2005). Typically, the burden is on the party resisting discovery to explain why discovery should be limited given that the

Federal Rules allow for broad discovery.  **See** *Rubin v. Islamic Republic of Iran*, 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004).  However, the proponent of discovery must make a threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required.  *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993).  Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case.  **See** *Cervantes v. Time, Inc.*, 464 F.2d 986, 994 (8th Cir. 1972).  The court may issue a protective order to prevent discovery where "justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."  Fed. R. Civ. P. 26(c).  "The party resisting facially overbroad or unduly burdensome discovery need not provide specific, detailed support."  *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665 (D. Kan. 1999) (citation omitted).  A court requires no further response when inadequate guidance exists to determine the proper scope of a request for discovery.  *Cotracom*, 189 F.R.D. at 666.  The District Court "enjoys considerable discretion over discovery matters" and may limit the scope of discovery, if it has a good reason to do so.  *Burlington Ins.*, 368 F. Supp. 2d at 86; *Pointer*, 417 F.3d at 821.

1.  **Second Set of Interrogatories**

Private Eyes argues Thompson's second set of interrogatories were non-compliant with NECivR 33.1(c) because Thompson exceeded the allotted number of fifty (50) interrogatories set forth in this court's progression order and the interrogatory is vague. **See** Filing No. 12.

NECivR 33.1(c) states:

> For purposes of determining the number of interrogatories, including sub-questions, each inquiry that endeavors to discover a discrete item of information shall be counted as a separate interrogatory.  For example, a question which states: "Please state the name, address, and telephone number of any witness to the accident set forth in the complaint" shall be counted as three interrogatories.

5

NECivR 33.1(C). Private Eyes claims that according to the formula set forth in the local rules, Thompson has served seventy-one (71) interrogatories. Private Eyes claims the first set of interrogatories Thompson served on Private Eyes included twenty-three (23) "densely-packed" and "single spaced paragraphs" of interrogatories, totaling sixty-eight (68) interrogatories when counted pursuant to the local rules. **See** Filing No. 78. Additionally, Private Eyes contends the second set of interrogatories is only one paragraph long, but includes three separate interrogatories. **See *Id***. Thompson argues each purported subpart is part of the same interrogatory because each subpart is logically related and necessary to the primary question. **See** Filing No. 82. Additionally, Thompson argues Private Eyes waived its objection to the number of interrogatories served by Thompson because Private Eyes raised this objection for the first time in its response to Thompson's motion to compel. **See *Id***. In Thompson's second set of Interrogatories, Thompson seeks Private Eyes to

> IDENTIFY each and every TELEPHONE number and facsimile number YOU used between April 1, 2005 and January 31, 2005[1], to make or receive calls and send or receive facsimiles relating to your investigation of Marvin W. Thompson. For each TELEPHONE and facsimile number, IDENTIFY the service provider for that TELEPHONE or facsimile number.

**See** Filing No. 73-4, Exh. C. The court is persuaded by Thompson's arguments. The court finds the interrogatory is to be counted as a single question and is in compliance with our local rule because there is a purposeful and strong relationship between the various information that is requested. **See *Clark v. Bulington R.R.***, 112 F.R.D. 117 (N.D. Miss. 1986).

Additionally, Private Eyes argues Thompson's second set of interrogatories were vague. **See** Filing No. 78. Private Eyes contends it is unable to respond to an interrogatory where the final date in the time period precedes the initial date in the time period. **See *Id***. Even though Thompson concedes a typographical error existed in plaintiff's second set of interrogatories, Private Eyes states this mistake was not conveyed to Private Eyes prior to

---

[1] Thompson contends a typographical error existed in the original request. Thompson asserts the relevant dates are April 1, 2005 through January 31, 2006. **See** Filing No. 73

the Motion to Compel. *Id*. However, on September 18, 2007, counsel for Private Eyes did communicate to counsel for Thompson that if counsel for Thompson has "a different request to make, feel free to serve it and we will respond as required by the rules." **See** Filing No. 79-5, Exh. 4.

The court agrees that Thompson's original discovery request was vague and Private Eyes is not obliged to respond to a request based upon "you know what we meant." However, Private Eyes has failed to show how the discovery request as amended is overly broad, vague, and irrelevant to the subject matter in this case. Accordingly, Private Eyes' objection to Thompson's second set of interrogatories is overruled. Private Eyes is to answer Thompson's second set of interrogatories as amended with the relevant dates set forth Thompson's motion to compel.

### 2.   Second Set Of Requests For Production

Private Eyes argues Thompson submitted requests for production that were not limited in scope and were vague and ambiguous as to time. **See** Filing No. 78. In Thompson's second request for production, Thompson requested Private Eyes to "[p]roduce all of YOUR telephone records for the period of April 1, 2005 through January 31, 2005. If you do not maintain or no longer have such records, please execute the attached release and return it to this office." **See** Filing No. 79-4, Exh. 3. Private Eyes argues that, not only does this request reference an irrelevant and ambiguous time period, it requires Private Eyes to produce "every single record of every single telephone call" made during a ten-month period and the request is not narrowly tailored to Thompson. **See** Filing No. 3. The court concludes that the time period in Thompson's original complaint is vague. The court finds that Private Eyes did not produce any evidence as to how this request is overly broad as amended to the dates of April 5, 2005, to January 31, 2006. Additionally, the court has no evidence before it that exhibits how many phone calls Private Eyes makes in a ten-month period. However, counsel for Thompson agreed in an e-mail to counsel for Private Eyes on September 25, 2007, that Thompson would agree to discovery of telephone records in which records not relating to Thomson were redacted. **See** Filing No. 82-2 Exh. E. Thus, the court orders Private Eyes to produce telephone

records from April 1, 2005, through January 31, 2006, redacting all phone records not made in attempts to confirm information regarding Thompson.

### 3. Sincere Attempts To Resolve Differences

Private Eyes argues Thompson did not make a sincere attempt to resolve differences. Under NECivR 7.1(i),

> To curtail undue delay in the administration of justice, this court will not consider any discovery motion unless counsel for the moving party, as part of the motion, shows in writing that after personal consultation with counsel for opposing parties and sincere attempts to resolve differences, they are unable to reach an accord. This showing shall also recite the date, time, and place of such communications and the names of all persons participating in them. As used in this rule, "counsel" includes parties who are acting pro se.

Private Eyes argues that communication regarding the subject of this motion was conducted through two e-mails prior to Thompson filing his motion to compel. **See** Filing No. 73-2, Exh. A and 79-5, Exh. 4. Private Eyes contends the first e-mail addressed a different perceived discovery dispute and was the first that Private Eyes heard of the "alleged inadequacies" of its response to Thompson's second set of discovery. **See** Filing No. 78. Additionally, Privates Eyes states the communication in the first e-mail was more "akin to a threat", than a "sincere attempt to resolve differences." **See** *Id*. In the second e-mail, Private Eyes objected to Thompson's requests, but instructed Thompson to make another request. **See** Filing No. 79-5. However, Private Eyes alleges the parties did not have any further conference on the subject of the current motion. **See** Filing No. 78. Private Eyes asserts that these communications do no amount to a sincere attempt to resolve differences. **See** *Id*.

Thompson claims that in addition to the two e-mails, counsel for Thompson placed a telephone call to counsel for Private Eyes on September 14, 2007 in an attempt to resolve discovery disputes but received no response. **See** Filing No. 82. Thompson's counsel sent an e-mail to Private Eyes' counsel on September 25, 2007, after Thompson filed the motion to compel. **See** Filing No. 82-2. In the communication, Thompson's

counsel requested "the telephone records from Private Eyes produced from the time period April 2005 through December 2005 showing those numbers. You can redact all other phone numbers from such records." **See *Id*.** Thompson argues these attempts to confer with Private Eyes regarding the discovery disputes at issue in this motion amount to a "sincere attempt to resolve differences" amongst the parties.

The court finds the parties tried to resolve differences in accordance with NECivR 7.1(i) but were unable to work out errors in communication prior to the motion to compel. Private Eyes was requested to produce documents initially relating to an ambiguous time period from "January 1, 2005 to April 1, 2005." However, Thompson corrected these dates in his motion to compel. In Thompson's September 25, 2007 e-mail to Private Eyes, Private Eyes was again asked to produce the same documents requested in the motion to compel, but during the time frame of "April 2005 to December 2005." **See** Filing No. 82-2. The court assumes this is another typo by Thompson and the relevant documents requested are from the time period of "April 1, 2005 to January 31, 2006" per Thompson's motion. **See** Filing No. 73. Accordingly, the court finds that the attempts by Thompson to obtain the requested discovery were unclear, but nonetheless a "sincere attempt" to resolve differences.

### 4. Sanctions

With regard to motions to compel discovery responses, Federal Rule of Civil Procedure 37(a)(4)(A) provides:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

9

Fed. R. Civ. P. 37(a)(4)(A).  Private Eyes' failure to provide adequate discovery responses required Thompson to file a motion to compel.  The court shall, after Private Eyes has a chance to respond, grant Thompson's reasonable expenses for filing such motion after counsel for the parties has had a chance to confer, unless  Private Eyes show substantial and legal justification for the failure to provide discovery responses.  **See** Fed. R. Civ. P. 37(a)(4)(A).

Upon consideration,

**IT IS ORDERED:**

1. Thompson's Motion To Compel Discovery Responses From Defendant Private Eyes Inc. (Filing No. 73) is granted as stated herein.

2. Private Eyes shall have to **on or before November 13, 2007,** to respond accordingly to plaintiff's second set of interrogatories and to produce the responsive documents as requested in Thompson's second request for production as modified herein this order.

3. Private Eyes shall have to **on or before November 13, 2007,** to show cause why Thompson should not be awarded reasonable costs and attorney's fees incurred in bringing this motion to compel, in accordance with Fed. R. Civ. P. 37(a)(4)(A).

DATED this 31st day of October, 2007.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge
