IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARVIN W. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV581 |
| | ) | |
| v. | ) | |
| | ) | |
| REGIONAL WEST MEDICAL CENTER, | ) | MEMORANDUM AND ORDER |
| PRIVATE EYES, INC., and MICHAEL | ) | |
| MCCOY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Private Eyes, Inc.'s motion to dismiss, Filing No. 80, the third cause of action of defendant Regional West Medical Center's cross-claim, Filing No. 72, on the basis that Regional West has failed to state a claim against Private Eyes for violation of the Fair Credit Report Act, 15 U.S.C. § 1681b. In his fourth amended complaint, the plaintiff, who is African-American, alleges employment discrimination and retaliation in violation of 42 U.S.C. § 2000e-2 and 42 U.S.C. § 2000e-3. Plaintiff also sues for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. Plaintiff additionally brings various state law claims of discrimination. Filing No. 96. Private Eyes does not file a motion to dismiss against the plaintiff under the Fair Credit Reporting Act. Filing No. 101. In its motion to dismiss the counterclaim, Private Eyes alleges that Regional West has no cause of action against it under the Fair Credit Reporting Act.

**MOTION TO DISMISS**

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. —, — , 127 S. Ct. 1955, 1965 (2007). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* — U.S. —, — , 127 S. Ct. 2197, 2200 (*quoting Bell Atlantic,* 550 U.S. at —,127 S. Ct. at 1964). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic,* 550 U.S. at —,127 S. Ct. at 1965.

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Id.* "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Id.* at 1965. In other words, "the complaint must plead enough facts to state a claim for relief that is plausible." *Sanderson v. C.I.R.,* 231 F. App'x. 534, 535 (8th Cir. 2007) (not designated for publication). Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *See Bell Atlantic,* — U.S. at —,127 S. Ct. at 1966; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Bell Atlantic,* — U.S. at —, 127 S. Ct. at 1966.

**DISCUSSION**

Defendant Private Eyes, Inc., a California corporation, provided background checks and reports to Regional West regarding the plaintiff and other employees. Plaintiff applied and interviewed for a position as security guard at Regional West in October 2003. He was

not hired at that time, but in November 2004, Regional West asked Private Eyes to run an initial background check. Thereafter, Regional hired plaintiff. Plaintiff worked for six months, and at that time a complaint was filed against him by an employee for "borderline harassment." Ultimately, plaintiff received a fair treatment hearing and all points and documentation were removed from his file. At the same time, Regional West requested a second background investigation on plaintiff from Private Eyes. The second background check performed by Private Eyes showed the plaintiff had prior misdemeanor and felony convictions. Plaintiff informed Regional Medical that the second background check was not his background report. Regional Medical fired him anyway, after Private Eyes represented that it was 99% sure the report was accurate.

The issue before this court is whether Regional West has stated a cause of action against Private Eyes for violation of the Fair Credit Reporting Act. Regional West argues that Private Eyes is a "consumer reporting agency" within the meaning of 15 U.S.C. § 1681a(f) ("the term 'consumer reporting agency' means any person which for monetary fees . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information . . . [and providing them] to third parties"). Regional West argues it is a consumer within the meaning of 15 U.S.C. § 1681a(c) (term consumer means any individual). Further, Regional West contends that the second background check is a consumer report under 15 U.S.C. § 1681a(d) ("'consumer report' means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's . . . character . . . for employment purposes"). According to Regional West, Private Eyes violated 15 U.S.C. § 1681e(b) by not following "reasonable procedures to assure maximum possible accuracy of the information" provided to Regional Medical, failing to maintain reasonable procedures to limit reports for the purposes listed under 15

3

U.S.C. § 1681b, failing to notify plaintiff that this information was reported to Regional West, and failing to maintain procedures to ensure the information which will adversely affect a consumer's employment is complete and up to date, in violation of 15 U.S.C. § 1681k(a)(1).  Further, Regional West alleges Private Eyes failed to reinvestigate the information it gave to Regional West, even though plaintiff disputed the findings and Regional West conveyed this information to Private Eyes, in violation of 15 U.S.C. § 1681i(a)(1)(A) (if employee notifies directly or indirectly that information is inaccurate, consumer reporting agency shall conduct a reasonable investigation).  Accordingly, Regional West contends that if it is found liable under the Fair Credit Reporting Act, then Private Eyes should be vicariously liable.  Private Eyes in turn alleges that Regional West violated the Fair Credit Reporting Act for requesting a consumer report for illegal purposes.

The court has carefully reviewed the record, and finds the motion to dismiss should be denied at this time.  It appears from the allegations that Regional West contacted Private Eyes once the plaintiff disputed the findings.  Regional West contends that Private Eyes assured it that the information was 99% accurate.  The court agrees with Regional West that Private Eyes is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).  Private Eyes reports identifying information respecting an employee for a fee.  Regional West also argues that Private Eyes failed to maintain reasonable procedures in providing consumer reports in violations of 15 U.S.C. § 1681b and in violation of 15 U.S.C. § 1681e(a).  Private Eyes in turns argues that this is an admission by Regional West that it obtained the report under false pretenses in violation of 15 U.S.C. § 1681q.  However, assuming the facts as alleged are true at this point in the case, Regional West obtained the report for employment reasons.  The court for purposes of this motion will assume those allegations are true.  Any other allegations regarding an illegal purpose are fact

issues for summary judgment or trial. Further, Regional West has alleged that Private Eyes has failed to follow reasonable procedures in violation of 15 U.S.C. §§ 1681e(b) and 1681k. For purposes of this motion, the court will likewise assume these facts to be true. However, in accordance with 15 U.S.C. § 1681a(b), a "person" is defined broadly as any individual, or partnership or corporation, or trust, and so forth. 15 U.S.C. § 1681a(b). But, a "consumer" is defined only as an "individual," 15 U.S.C. § 1681a(c).[1] The parties did not particularly brief whether this is an issue in the case. However, the court finds that at this point in the case, Regional West has stated material facts upon which a claim for relief could be granted. Accordingly, the court will deny the motion to dismiss at this time.

THEREFORE, IT IS ORDERED that Private Eyes, Inc.'s partial motion to dismiss the cross-claim, Filing No. 80, is denied.

DATED this 10th day of January, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

[1] Because this motion to dismiss involves a cross-claim, the court is going to let it proceed to the summary judgment or trial stage. The parties did not adequately argue whether Regional West is a consumer under the Federal Credit Reporting Act. The court would urge the parties to do so either by way of summary judgment or before trial.